The Law Office of James M. Branden
80 Bay Street Landing, Suite 7J
Staten Island, New York 10301
Tel. 212-286-0173
Fax 212-286-0495

February 9, 2026

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  United States v. Herberth Rodriguez, et ano.,
        Cr. Docket No. 20-548 (WFK)

Dear Judge Kuntz:

    I represent Mr. Martinez Villanueva (Villanueva) in the above-referenced matter. This letter is submitted in oppostion to the government's supplemental motions in limine (SMIL) as set forth in its January 27, 2026 letter (DE 159).

Background

    It is alleged that Herberth Rodriguez (Rodriguez) and Villanueva were members of 18th Street, a violent street gang. Indictment at ¶8. More particularly, they were members of a subset of 18th Street known as 54 Tiny Locos, whose territory covered 74th to 85th Streets along Roosevelt Avenue in Queens. Govt's first Motion in Limine (MIL) at 2. 54 Tiny Locos participated in acts of violence, including murder, and narcotics trafficking, production of fraudulent identification documents, promotion of prostitution and extortion. Indictment at ¶7.

    Rodriguez is charged with: racketeering (count one); conspiracy to distribute and to possess with intent to distribute cocaine and marijuana (count two); conspiracy to commit the murder of Diego Vanegas Vasquez (Vasquez) on or about October 31 and November 1, 2020, in aid of racketeering (count three); murder of Vasquez in aid of racketeering (count four); possessing, brandishing and discharging a firearm during the Vasquez murder (count five); causing the death of Vasquez through the use of a firearm (count six); possession of ammunition on October 31 and November 1, 2020, as an alien admitted under a nonimmigrant visa

Hon. William F. Kuntz, II
United States District Judge
February 9, 2026
Page 2

(count seven); attempted murder of John Doe 1 on October 10, 2020 (count eight); possessing, brandishing and discharging a firearm during the attempted murder of John Doe 1 (count nine); and possession of ammunition on October 10, 2020, as an alien admitted under a nonimmigrant visa (count ten). Villanueva is charged with Rodriguez in counts three through six relating to the Vasquez murder. He is also charged with illegal reentry (count eleven).

Relevant Legal Principles

To be sure, where uncharged criminal activity arose out of the same transaction or series of transactions as the charged offenses or is inextricably intertwined with the evidence regarding the charged offenses, or is necessary to complete the story of the charged crimes, the evidence is generally considered direct evidence of the charged offenses. See United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997). However, "where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)" of the Federal Rules of Evidence. Id.

Courts employ a narrow construction in determining whether uncharged crimes are direct evidence of charged offenses. See e.g. United States v. Martoma, 2014 WL 31191, at *3 (S.D.N.Y. Jan. 6, 2014). For example, uncharged conduct is not "inextricably intertwined" with charged conduct simply because it "provides context or is relevant" to charged conduct. Accordingly, courts in this Circuit have found it necessary to conduct Rule 404(b) analysis of uncharged criminal activity that merely provided some context or background. See United States v. Kassir, 2009 WL 976821, at *2 (S.D.N.Y. Apr. 9, 2009).

Rule 404(b) provides that while evidence of a crime, wrong or other act is not admissible as character evidence, said evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. Fed. R. Evid. 404(b).

Whether uncharged conduct constitutes direct or 404(b) evidence, the uncharged conduct must still survive scrutiny under the balancing test of Rule 403 of the Federal Rules of Evidence. Under Rule 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

Hon. William F. Kuntz, II
United States District Judge
February 9, 2026
Page 3

Discussion

In its SMIL, the government seeks to admit evidence of the following four items taken from Villanueva's cellular telephone: 1) videos of Villanueva "holding up gang signs"; 2) Villanueva wearing 18th Street colors; 3) an image of two armed men, not Villanueva, holding 18th Street gang signs; and 4) photographs of near-naked women who appeared to advertise prostitution.

The SMIL should be denied as to all four items because they reflect recent activity far outside of the time of the charged offenses. As such, they do not aid the jury's understanding of the existence of the gang or that Villanueva was a member of the gang at the critical time, autumn of 2020. The SMIL as to item 2) should be denied for the additional reason that the mere wearing of a particular color of clothing does not reflect gang membership. Indeed, a man wearing navy is so exceedingly common, evidence that Villanueva wore it fails to distinguish him in any way. In short, such evidence lacks relevance. The SMIL as to item 3) should be denied for the additional reason that Villanueva is not one of the two men depicted and apparently did not take the photograph or send it around. Thus, the mere retention of the photograph sent to him, unbidden, lacks relevance. The SMIL as to item 4) should be denied for the additional reason that photographs of women who *may* be promoting prostitution with no reference to 18th Street lacks relevance to Villaneueva's alleged membership in that gang. Suffice it to say, it is not alleged that Villanueva was himself a pimp, and retention of these images in his phone may well have been for his own personal titillation or use. As such, the evidence does not further the jury's determination of whether the gang existed or whether Villanueva actively participated in that gang's activity in 2020.

Hon. William F. Kuntz, II
United States District Judge
February 9, 2026
Page 4

Conclusion

  For the foregoing reasons, the government's SMIL should be denied it its entirety. The proffered evidence is neither direct evidence of the charged offenses nor is it relevant to a permissible basis under Rule 404(b).

           Respectfully submitted,

           James M. Branden