

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AP/ML/BG
F. #2020R01002

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 16, 2026

<u>By ECF</u>

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Herberth Rodríguez, et al.
               <u>Criminal Docket No. 20-548 (WFK) (S-4)</u>

Dear Judge Kuntz:

      The government respectfully submits this reply to the defendant Elias Martínez Villanueva's opposition to the government's supplemental motion <u>in</u> <u>limine</u>, dated February 9, 2026. ECF No. 167. The defendant opposes the introduction of the following categories of evidence recovered from the defendant's cell phone: (1) multiple several-second videos of the defendant holding up gang signs signifying membership in the 18th Street gang ("18th Street"); (2) multiple several-second videos of the defendant wearing 18th Street colors in locations in New York City; (3) an image depicting two armed men holding 18th Street gang signs with the caption, "Eighteen Street Orale Carnal"; and (4) multiple photographs of nearly-naked women that appeared to be advertising prostitution.

      As an initial matter, the government indicated that the proffered images and videos were created on or about and between 2024 and 2025. <u>See</u> ECF 159, Gov't Mot. at 2. The government obtained these dates from a forensic extraction report from the defendant's phone, which lists the creation dates of the proffered images on various dates throughout 2024 and 2025. Nevertheless, in an abundance of caution, the government writes to notify the Court that it intends to elicit testimony that the proffered images were recovered from the defendant's device—which was obtained from the defendant upon his arrest on January 25, 2025—without reference to the specific dates of creation of each photograph. The reason for this is because a forensic analyst was only able to perform a partial digital forensic extraction of the defendant's cell phone, so the government is unable to determine with certainty the dates on which the photographs were created.

      Nonetheless, the analysis set forth in the government's motion remains the same, and the proffered images are admissible as direct evidence of the defendant's ongoing membership in 18th Street and because they are probative of his involvement in the promotion of

prostitution—one of the gang's most lucrative endeavors. The defendant's arguments to the contrary are unavailing.

<u>First</u>, the defendant argues that the use of navy blue is "exceedingly common." <u>See</u> ECF 167, Def. Mot. at 3. While this may be true, the videos depict the defendant wearing a navy-blue jersey with the number "81" emblazoned on the front. The government anticipates that witnesses will testify that 18th Street members frequently used the numbers "18" and "81" to signify their membership in the gang. The fact that the defendant is wearing a navy-blue jersey must be considered together with the fact that he is doing so while holding up gang signs in other images and wearing numbers glorifying the gang. The defendant's attempt to reduce the import of the images to a mere color should therefore be rejected.

<u>Second</u>, the defendant points out that he is not alleged to be a "pimp." <u>See</u> ECF 167, Def. Mot. at 3. This is correct. The government has not alleged that the defendant managed and profited directly from a specific sex worker's earnings, which is typical of a pimp. Instead, the government has alleged that the defendant (and 18th Street broadly) promoted prostitution (<u>see</u> Ind. ¶¶ 6(d), 7(c)), which generally involved facilitating or recruiting clients by connecting them with various brothels in 18th Street territory. The gang, in turn, profited by extorting operators of the brothels as a cost of permitting them to do business in their territory. The defendant suggests that these photos may have been for the defendant's "own personal titillation." <u>See</u> ECF 167, Def. Mot. at 3. Although the defendant is free to make this argument to the jury, a more reasonable and plausible inference is that they were designed to promote prostitution in light of the gang's extensive history in facilitating prostitution and, in particular, because the advertisements included sexually-suggestive emojis followed by a specific price.

In any event, as set forth in the government's motion, this evidence is also admissible as Rule 404(b) evidence for various permissible purposes—i.e., identity (the defendant's membership in 18th Street); and knowledge, intent and motive (the defendant's active involvement in the promotion of prostitution on behalf of the gang).

For the foregoing reasons, the Court should grant the government's supplemental motion <u>in limine</u>.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/
      Andrés Palacio
      Megan Larkin
      Brachah Goykadosh
      Assistant U.S. Attorneys
      (718) 254-7000

cc:   Clerk of the Court (WFK) (by ECF)
      Counsel of Record (by ECF)